

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS FIDEL SALDIVAR TORRES "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:25-cv-00263 |
| KRISTI NOEM, et al., "Respondents." | § § § § | |

## ORDER

Before the Court are Petitioner's "Emergency Motion for Temporary Restraining Order" (Dkt. No. 4) ("TRO"), "Federal Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, and Alternatively, Motion for Summary Judgment" (Dkt. No. 10) ("MTD"),[1] and "Federal Respondents' Response to Emergency Motion for Temporary Restraining Order" (Dkt. No. 11) ("TRO Response"). For these reasons, Petitioner's TRO (Dkt. No. 4) is **GRANTED in part.**

### I. BACKGROUND

Petitioner is a Mexican citizen and national. Dkt. No. 4 at 6. On August 20, 2007, Petitioner entered the United States unlawfully, where he has since remained. *Id.* While here, Petitioner married a U.S. citizen and procured employment as a carpenter. *Id.* He has no criminal record. *Id.*

On October 16, 2025, immigration officials detained Petitioner at a construction site in Edinburg, Texas. *Id.* He continues to be detained at the Port Isabel Service Processing Center in Port Isabel, Texas. *Id.* On November 4, 2025, an Immigration Judge ("IJ") denied Petitioner's request for custody redetermination, citing a lack of jurisdiction under the recent Board of Immigration Appeals ("BIA") decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Dkt. No. 10-3 at 1. Petitioner requested a second custody redetermination, which was again denied on December 1, 2025, on the same basis. See Dkt. No. 10-4 at 1.

---

[1] Respondents' TRO Response incorporates by reference the arguments made in their MTD. Accordingly, the Court will review the MTD for the limited purpose of gleaning Respondents' arguments against granting Petitioner emergency relief.

1

Petitioner thereafter filed the underlying Petition for Writ of Habeas Corpus (Dkt. No. 1) ("Petition") on November 10, 2025, and this TRO on November 14, 2025. Petitioner's TRO challenges the lawfulness of his detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). Dkt. No. 4 at 10-11.

## II.   LEGAL STANDARD

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

## III.   DISCUSSION

28 U.S.C. § 2241 grants district courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This gives the Court habeas jurisdiction to consider the "extent of the Government's detention authority under the 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295–296 (2018). So put, where Petitioner challenges Respondents' statutory authority to detain him and not any specific discretionary actions, his Petition is properly before the Court. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).[2]

The Court finds that Petitioner's challenge to Respondents' use of 8 U.S.C. § 1225(b)(2) merits emergency relief.

First, Petitioner has shown a substantial likelihood of succeeding on the merits of this point. § 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). This provision is misapplied to Petitioner. For this statute to apply, Petitioner must be at once (1) an applicant for admission and (2) seeking admission. Even if Petitioner falls within the broad ambit of "applicant for admission," he is not

---

[2] If Petitioner challenges specific discretionary actions and not just review of the government's "claim of authority," the Court declines to consider said challenges for lack of jurisdiction to do so. *Nielsen*, 586 U.S. at 401.

also seeking *admission*, which is defined by the statute as "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). As Petitioner already entered the United States unlawfully in 2007, Dkt. No. 4 at 6, he was not seeking admission as is required for § 1225(b)(2).

Other factors similarly counsel in favor of emergency relief. Without a preliminary injunction, Petitioner will remain subject to irreparable harm from continued detention. The balance of the equities and public interest also tilt in Petitioner's favor. Since Respondents have other statutory means to detain petitioner, *see, e.g.*, 8 U.S.C. § 1226(a), the Court finds they can maintain the status quo with minimal disruption.

### IV. CONCLUSION

For these reasons, Petitioner's TRO (Dkt. No. 4) is **GRANTED in part**. It is hereby **ORDERED** that Respondents are enjoined from using 8 U.S.C. § 1225(b)(2) to deny Petitioner a bond hearing. This Temporary Restraining Order shall **expire at 5:00 p.m. CST on Wednesday, January 28, 2026,** or by Order of the Court. During this time, Petitioner's shall not transfer or remove Petitioner.

Petitioner's TRO is **DENIED in part** with respect to Petitioner's other claims and requested relief.

Signed on this 14th day of January 2026.

Rolando Olvera

United States District Judge